UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>SIXTO PADILLA-GOMEZ,<br><br>Movant. | No. 2:08-cr-0454-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Sixto Padilla-Gomez (hereafter "movant"), proceeding without counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] He argues that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) invalidates his conviction under §924(c)(1) for possession of firearms in furtherance of drug trafficking crimes. ECF No. 288 at 4. The government has filed a "reply/response" opposing the motion (ECF No. 293) and movant has failed to offer any reply thereto. For the reasons that follow, the motion must be denied.

/////

/////

/////

---

[1] This motion was assigned, for statistical purposes, civil case number 2:16-cv-1313-JAM-EFB.

1

**I.     Background**

In 2009, movant was charged by indictment with: (1) conspiracy to distribute and to possess with intent to distribute over 100 kilograms of marijuana in violation of 21 U.S.C § 846 and 841(a)(1); (2) possession with intent to distribute over 100 kilograms of marijuana in violation of 21 U.S.C § 841(a)(1); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C §924(c)(1). ECF No. 76. On August 20, 2009, movant was convicted of all three counts by a jury. ECF No. 146. On April 6, 2010, the court sentenced him to a 180 month term of imprisonment. ECF No. 219 at 2.

Movant filed his section 2255 motion on June 13, 2016. ECF No. 288.

**II.    Legal Standards**

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *Davis v. United States*, 417 U.S. 333, 344-45 (1974); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346. *See also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

**III.   Analysis**

In *Johnson*, the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA") – encapsulated at § 924(e)(2)(B) - was void for vagueness. 135 S. Ct. at 2555-2557. Under the ACCA, a 'violent felony' is defined as:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B)(emphasis added). The ACCA residual clause refers to the emphasized language in § 924(e)(2)(B)(ii). The Supreme Court invalidated the residual clause after concluding that its application required courts to "picture the kind of conduct that the crime involves in the 'ordinary case,' and to judge whether that abstraction presents a serious potential risk of physical injury." *Johnson*, 135 S. Ct. at 2557 (citing *James v. United States*, 550 U.S. 192, 208 (2007)). The Supreme Court went on to emphasize that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id*.

The government correctly argues that *Johnson* does nothing to benefit movant. He was not sentenced under the ACCA, nor was he convicted of a 'violent crime' or 'crime of violence.' Instead, he was convicted of possessing a firearm in furtherance of a drug trafficking offense. Other district courts within the Ninth Circuit have rejected claims identical to the movant's. *See, e.g.*, *United States v. Ledezma-Prieto*, No. CV 16-00355-TUC-RCC, 2016 U.S. Dist. LEXIS 152689, 2-3 (D. Ariz. Nov. 1, 2016); *Rojas-Orellana v. United States*, No. C16-5563 BHS2016, U.S. Dist. LEXIS 152816, 2-3 (W.D. Wash. Nov. 3, 2016). Accordingly, the motion should be denied.

**IV. Conclusion**

IT IS HEREBY RECOMMENDED that:

1. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 288) be denied; and

/////

2. The Clerk of Court be directed to close the companion civil case No. 2:16-cv-1313-JAM-EFB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.

DATED: April 23, 2018.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE